# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL C. CORTES, | 1:11-cv-01185-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 11.) |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al., | ORDER FOR THIS ACTION TO BE SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g) |
| Defendants. | |
| / | ORDER FOR CLERK TO CLOSE CASE |

I.     RELEVANT PROCEDURAL HISTORY

Manuel C. Cortes ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 19, 2011. (Doc. 1.) On July 27, 2011, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared. (Doc. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case, including final judgment, until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1  The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on February 6, 2012, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 9.) On March 7, 2012, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 11.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF AMENDED COMPLAINT**

The events at issue in the Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, while Plaintiff was incarcerated there.

///

1  Plaintiff names as defendants Anthony Enonmeh (Chief Medical Executive) and Peter (Physician's
2  Assistant).  Plaintiff alleges as follows.
3     On or about October 28, 2009, Plaintiff filed an inmate health care appeal requesting medical
4  tests to measure the condition of his thyroid gland and hormones.  The appeal went unanswered.
5     On or about January 13, 2010, Plaintiff filed an inmate health care appeal requesting "proper
6  treatment for his severe thyroids (*sic*) hormone problems causing him medical complications to his
7  health along with symptoms of Grave's (*sic*) disease as a result of defects in the production of
8  Thyroids (*sic*) hormones, and Thyriodsitis (*sic*)."  (Amd Cmp, Doc. 11 at 3 ¶V.B.)
9     On or about June 22, 2010, Plaintiff filed an inmate health care appeal, after Physician's
10 Assistant Peter informed Plaintiff he would no longer be treated for thyroid disease and no
11 medication was needed.  Peter did not order any blood tests.  Plaintiff claims he received inadequate
12 medical care from a physician's assistant who was not a medical doctor licensed by the California
13 Department Medical Board.
14    On August 10, 2010, Plaintiff filed an inmate health care appeal to the Third Level of review
15 complaining about his medical care for Thyroid Hormone Disorder.
16    Plaintiff continued to complain to prison medical personnel about severe pain which limited
17 his daily activities, causing him depression, fatigue, anxiety leading to panic disorder, memory
18 problems, trouble sleeping (sleep apnea), and Cushing's Disorder.  Plaintiff also alleges he suffered
19 loss of eyesight and weight gain.
20    Plaintiff requests monetary damages for physical and emotional harm, and fees and costs.
21 **IV.   PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM**
22    The Civil Rights Act under which this action was filed provides:
23        Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the deprivation
24         of any rights, privileges, or immunities secured by the Constitution .
           . . shall be liable to the party injured in an action at law, suit in equity,
25         or other proper proceeding for redress.
26 42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal
27 Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
28 (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

3

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.     Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the

///

Eighth Amendment.  Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation."  Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

### B.     Discussion

Plaintiff claims that he suffers from thyroid and hormone conditions causing him symptoms of Graves' disease, Cushing's disease, weight gain, pain, fatigue, loss of eyesight, and sleep apnea. Under these facts, Plaintiff has established that he has a serious medical need.  However, Plaintiff has not alleged facts demonstrating that any defendant was aware of a substantial risk of serious harm to Plaintiff and deliberately disregarded it.  Plaintiff fails to demonstrate that any defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff fails to allege any acts, or failure to act, by defendant Anthony Enonmeh, resulting in violation of his rights.  Plaintiff may not hold defendant Anthony Enonmeh liable in his supervisory position of Chief Medical Executive.  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  With respect to defendant Peter, Plaintiff only alleges that Peter informed Plaintiff he would no longer be treated for thyroid disease and that no medication was needed.   While Plaintiff attempts to hold  Peter liable for not ordering a blood test, Plaintiff has not alleged facts showing that Peter knew of a substantial risk of serious harm to Plaintiff and consciously disregarded it.  At most, Plaintiff alleges a disagreement with the medical treatment decided by his physicians.  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim.  Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).   Therefore, Plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment against any of the defendants.

### V.     CONCLUSION

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of

being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:    June 27, 2012                    /s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE